

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00401-CV

---

IN THE INTEREST OF X.R., A CHILD

---

On Appeal from the County Court at Law No. 2
Potter County, Texas
Trial Court No. 096896-2-FM, Honorable Matthew Hand, Presiding

---

June 3, 2025

OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

The essence of this appeal is whether to extend the holding in *In re Z.N.*, 602 S.W.3d 541 (Tex. 2020) (per curiam). *In re Z.N.* dealt with the termination of parental rights under Texas Family Code § 161.001(b)(1)(L)(iv). The latter permits termination when the parent is convicted or granted community supervision for being criminally responsible for the death or serious injury of a child under various sections of the Penal Code, including indecency with a child. TEX. FAM. CODE ANN. § 161.001(b)(1)(L)(iv). In addressing whether sufficient evidence satisfied the prong related to the child's suffering serious injury, the court held that "under section 161.001(b)(1)(L)(iv), a parent's conviction for indecency with a child can constitute legally sufficient evidence that the parent was 'criminally responsible' for the 'serious injury of a child.'" *In re Z.N.*, 602 S.W.3d at 547.

Subsection (L)(iv) is not involved at bar but rather (L)(x) which encompasses the abandonment or endangerment of a child under § 22.041 of the Penal Code. The trial court terminated AM's parental relationship with XR solely on that statutory ground.

AM now asserts, through a single issue, that no evidence or factually insufficient evidence appears of record illustrating that she was arrested and ultimately placed on deferred adjudication community supervision for being criminally responsible for the death or serious injury of a child. Conceding that no evidence exists of record indicating AM was criminally responsible for "physical injury" to a child, the Texas Department of Family and Protective Services (Department) invokes *In re Z.N.* as a means of filling the void. We reverse.

### *Background*

In October 2022, the 251st District Court executed its judgment deferring the adjudication of AM's guilt of a state-jail felony. The latter felony, as described in the judgment, consisted of "Abandon Endanger Child Criminal Negligence." XR was the "Child" in question.

The indictment initiating the criminal prosecution alluded to AM's engaging in conduct that posed "imminent danger of death, bodily injury, or physical or mental impairment" to XR. The conduct allegedly consisted of "being under the influence of a controlled substance, inadequately supervising the child, putting the child at risk for getting hit by a vehicle by aggressively approaching moving vehicles, [] leaving the child at a convenience store . . . [and] not voluntarily delivering the child to a designated emergency infant care provider under Section 262.302, Family Code." The foregoing resulted in a plea bargain, AM's plea of guilty to "Abandon Endanger Child Criminal Negligence," the deferral of her adjudication of guilt, and her placement on community

2

supervision. Yet, the record of that plea hearing is not part of the appellate record at bar. Nor does the record before us contain evidence of the facts to which AM admitted in order for the trial court to find sufficient evidence supporting her plea. Thus, we are left to speculate upon the particular factual accusations, if any, within the indictment and to which she purportedly admitted or confessed.

Nonetheless, a witness at the termination hearing testified that someone reported AM and XR "were at a convenience store . . . standing in front of the store prohibiting people from getting inside." There also was "some concern that the child was left alone at one point and it was alleged that [AM] went back to the hotel with someone else and left the child there," according to the same witness. This incident apparently led to AM's arrest and incarceration.

As previously mentioned, the trial court based its decision to terminate AM's parental relationship with XR solely upon § 161.001(b)(1)(L)(x). As follows, it found that AM had:

> been convicted or has been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child under the following sections of the Penal Code, or under a law of another jurisdiction that contains elements that are substantially similar to the elements of an offense under one of the following Penal Code sections, or adjudicated under Title 3 for conduct that caused the death or serious injury of a child and that would constitute a violation of one of the following Penal Code sections:
>
> . . .
>
> (x) Section 22.041 (abandoning or endangering a child, elderly individual, or disabled individual).

3

*Analysis*

As a preliminary matter, we note a failing in the briefs of both the appellant and appellee. It pertains to their respective "Statement of Facts." Texas Rule of Appellate Procedure 38.1(g) mandates that the statement of facts in a brief "must state concisely and without argument the facts pertinent to the issues or points presented." TEX. R. APP. P. 38.1(g). Both briefs before us deviate from that rule. Both are replete with description or synopses of evidence and testimony utterly unrelated to the sole issue presented for review. Such unnecessarily distracted the court from its duty to efficaciously address the issues presented. Parties and their counsel would do well to remember that beneficial assistance comes not in how much one can say but, rather, how concisely, informatively, and intelligently one can say it. That said, we turn to the matter at hand.

Again, AM urged one issue before us. Allegedly, the Department failed to prove she was placed on community supervision "for being criminally responsible for the death or serious injury of a child." We sustain the issue.

To reiterate, a court may terminate the parent-child relationship if it finds by clear and convincing evidence that the parent "has been convicted or has been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child under . . . Section 22.041 (abandoning or endangering a child . . .)."[1] TEX. FAM. CODE ANN. § 161.001(b)(1)(L)(x). That AM was placed on deferred adjudication community supervision for purportedly violating § 22.041 of the Penal Code is undisputed. The sole dispute at bar is whether

---

[1] Per § 22.041, one commits an offense if he or she 1) intentionally abandons a child over whom he or she has care, custody or control in any place under circumstances that expose the child to an unreasonable risk of harm or 2) intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that places a child in imminent danger of death, bodily injury, or physical or mental impairment. TEX. PENAL CODE ANN. § 22.041(b)–(c).

under *In re Z.N.* her being so placed ***alone*** permits a factfinder to reasonably infer AM was "criminally responsible for . . . serious injury of a child.". We answer "no."

Unlike the parent here, that in *In re Z.N.* was convicted of indecency with a child. *In re Z.N.*, 602 S.W.3d at 544. That crime fell within § 21.11(a)(1) of the Penal Code, which offense was itemized at § 161.001(b)(1)(L)(iv) of the Family Code. The issue the *In re Z.N.* court had to resolve was whether "for the purpose of predicate ground (L), a factfinder may reasonably infer from a conviction for indecency to a child that a serious injury to the child occurred—such that the conviction itself constitutes legally sufficient evidence under a clear-and-convincing standard to support a finding that the ground is satisfied—or whether additional evidence beyond the conviction itself is required." *In re Z.N.*, 602 S.W.3d at 546.

In answering the question, our Supreme Court initially specified that "[§] 161.001's plain language requires that the Department demonstrate that 'death or serious injury of a child' resulted from one of the offenses enumerated in ground (L)." *Id.* at 547. Then, it concluded that a conviction for indecency to a child alone sufficed as legally sufficient evidence of the requisite injury. *Id.* Reasoning followed.

First, the court explained that a conviction for an enumerated offense under ground (L) "can imply that a serious injury has occurred based on the nature of the offense and the injury that will likely result." *Id.* And, the criminal statute violated by the parent, § 21.11 of the Penal Code, "provide[d] the necessary reasonable basis to infer serious injury from committing indecency with a child." *Id.* That is, indecency with a child, as defined by § 21.11(a), necessarily entailed an action against a child sexual in nature resulting in injury.

5

Second, we were told that engaging in sexual activity with a child "'is always accompanied by a possibility of important or dangerous consequences, including emotional or psychological hurt.'" *Id.* (quoting *In re S.G.*, No. 01-18-00728-CV, 2019 Tex. App. LEXIS 2618 (Tex. App.—Houston [1st Dist.] Apr. 2, 2019, pet. denied) (mem. op.)). Despite the conclusion lacking reference to statistical or evidentiary support, the court viewed it true since the offense implicates physical contact of a sexual nature that a child likely perceives and remembers. *Id.*

Third, and again without reference to statistical or evidentiary support, the court opined that the physical contact of a sexual nature also risks causing the child to experience serious emotional or psychological trauma. *Id.* So, given this physical, emotional, and psychological harm "that can (and often does) result from the actions that constitute indecency with a child, a trier of fact may draw the 'reasonable and logical' inference that a conviction of indecency with a child, standing alone, resulted in serious injury to the child." *Id.*

Yet, one cannot ignore effort to limit the holding to the particular crime for which the father in *In re Z.N.* was convicted. We encounter this in footnote five. There, the court wrote as follows: "Because this case involves only the offense of indecency with a child, we need not and do not address whether a conviction for other offenses enumerated in ground (L) can imply serious injury to a child." *Id.* at 547 n.5. Now we are urged to assume the very mantle eschewed by the Supreme Court and conclude, also without statistical or other evidentiary support, that abandoning and endangering a child necessarily inflicts serious injury upon the child. That we cannot do for these reasons.

First, we do not have before us an allegation, detention, or conviction of a sexual nature. This is of import since the nature of the offense and its effect embroiling the parent

6

in the criminal justice system was all important to the Supreme Court in *In re Z.N.* As it said, "for the purpose of ground (L), a conviction for an enumerated offense can imply that a serious injury has occurred **based on the nature of the offense and the injury that will likely result**." *Id.* at 548 (emphasis added). Neither § 22.041(b) nor (c) of the Penal Code mentions or requires any contact with a child, much less the type sexual in nature found weighty by the Supreme Court. And, we have neither testimony nor evidence (statistical, expert, or otherwise) indicating a link, if any, between a child's being left in any place without reasonable and necessary care, *see* TEX. PENAL CODE ANN. 22.041(a) (so defining "abandon"), or being exposed to imminent danger and a resulting mental or emotional injury.

Second, and unlike the situation in *In re Z.N.*, we also lack opinion from sister appellate courts providing the absent evidence of the aforementioned link. The *In re Z.N.* court had *In re S.G.*, 2019 Tex. App. LEXIS 2618, at \*21, on which to rely. *See In re Z.N.*, 602 S.W.3d at 548 (quoting the *In re S.G.* statement that "'[s]exual activity' with a child 'is always accompanied by a possibility of important or dangerous consequences, including emotional or psychological hurt'").[2] Our research uncovered no such precedent or assistance pertaining to the effect of abandonment or endangerment.

Third, the child's perception of the deviant or criminal activity also weighed on the Supreme Court's collective mind in *In re Z.N.* Its statements that the offense of indecency 1) "can involve physical contact that is sexual in nature that the child likely **perceives and remembers** after the offense" or 2) "risks causing the child **to experience** serious

---

[2] Interestingly, our reading of *In re S.G.* also failed to uncover reference to evidence or opinion underlying the statement that the possibility of emotional or psychological "hurt" always accompanied sexual activity with a child.

emotional or psychological trauma" reveals as much. *In re Z.N.*, 602 S.W.3d at 548 (emphasis added). Yet, conduct within the scope of § 22.041(b) and (c) may be both fleeting and unperceived by the child victim. A young, sleeping child may never know that his parents left him alone while they pursued, for several hours, activities away from the home. The latter arguably falls within the definition of "abandon" for purposes of § 22.041, but being unaware of the misconduct hardly permits one to reasonably infer that the child will or did experience emotional trauma (present or future) due to it. The same is no less true of a parent found illegally ingesting controlled substances at home. That may serve as evidence of endangerment, *see, e.g.*, TEX. PENAL CODE ANN. § 22.041(c-1), and *In re J.E.*, No. 02-23-00141-CV, 2023 Tex. App. LEXIS 6075, at *12 (Tex. App.—Fort Worth Aug. 10, 2023, no pet.) (mem. op.); however, the child may never know of or perceive the misconduct.

The three reasons just espoused illustrate that the indicia utilized by the Supreme Court in *In re Z.N.* to conclude as it did are missing here. Its holding and analysis cannot be extended to the case before us based on the record before us.

We do not trivialize the unacceptability of or potential risk posed by conduct within the ambit of § 22.041. Yet, we also cannot say that the nature of a § 22.041 offense mirrors that of indecency to a child. While activities encompassed by § 22.041 may very well result in either physical or emotional injury to the child, the meager record at bar leaves us only to speculate. We cannot base our decision on mere speculation. *See Nelson v. Martinez*, No. 07-15-00430-CV, 2016 Tex. App. LEXIS 7421, at *20 (Tex. App.—Amarillo July 12, 2016, pet. denied) (mem. op.) (noting that speculation is not evidence). The link between the misconduct and emotional injury from conduct within

8

§ 22.041 is not as readily apparent to us as was the link between indecency with a child and ensuing psychological trauma to the Supreme Court.

Most importantly, we cannot ignore the Supreme Court's expressed statement that "[s]ection 161.001's plain language requires that the Department demonstrate that 'death or serious injury of a child' resulted from one of the offenses enumerated in ground (L)." *In re Z.N.*, 602 S.W.3d at 547. Demonstrating requires more than conjecture, uninformed beliefs, or mere possibilities. It requires evidence from which a reasonable person may reasonably infer the fact at issue. We do not have that here. And, the standard of requiring evidence precludes us from accepting the Department's invitation to simply rely on possibilities to bridge the gap between the crime of the parent and injury to the child. Possibilities are not evidence, either. *Brinker v. Evans*, 370 S.W.3d 416, 424 (Tex. App.—Amarillo 2012, pet. denied).

In sum, we have no evidence from which a person may reasonably infer that the unexplained form of abandonment or endangerment to which AM pleaded guilty resulted in serious injury to XR. Thus, no evidence supports the trial court's finding related to § 161.001(b)(1)(L)(x). We reverse the trial court's order and render judgment denying the Department's request to terminate the parental relationship on the statutory ground described at § 161.001(b)(1)(L)(x) of the Texas Family Code.

Brian Quinn
Chief Justice

9